IN RE:   *LORRAINE VIVIAN v.* TARGET CORPORATION
DOCKET NO.: 2:14-cv-5576

Dear Counsel:

I have been contacted by Judge Susan D. Wigenton who presided over the above-mentioned case.

Judge Susan D. Wigenton informed me that it has been brought to her attention that while she presided over the case she owned stock in **TARGET CORPORATION.** Her ownership of stock neither affected nor impacted her decisions in this case. However, her stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Wigenton directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Wigenton's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before September 16, 2021. Any response will be considered by another judge of this court without the participation of Judge Wigenton.

Sincerely,
*s/William T. Walsh*
William T. Walsh
Clerk of Court